UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOLAND MARINE AND INDUSTRIAL COMPANY, L.L.C. AND BOARD OF COMMISSIONERS FOR THE PORT OF NEW ORLEANS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0077** |
| **AMERICAN QUEEN, her engines, boilers, tackle and appurtenances, etc.,** *in rem*, **AND AMERICAN QUEEN STEAMBOAT, LLC,** *in personam*, **AND ASSOCIATED FEDERAL PILOTS AND DOCKING MASTERS OF LOUISIANA, L.L.C.** | **SECTION: "C"** |

## ORDER AND REASONS

Before the Court is a Motion to Amend/Alter Judgment and/or New Trial and/or Relief from Judgment filed by Defendant and Cross Claimant, American Queen Steamboat, LLC ("AQS") (Rec. Doc. 13). Plaintiffs, Boland Marine and Industrial Company, L.L.C. ("Boland Marine") and Board of Commissioners for the Port of New Orleans ("Port of New Orleans") (together with AQS, collectively, "Movants"), join in the motion. Movants request that the court amend, revise and/or alter its judgment rendered on August 30, 2006, which dismissed their claims against the Associated Federal Pilots and Docking Masters of Louisiana, L.L.C. ("Associated Pilots") without prejudice for failure to prosecute. Associated Pilots has not filed an opposition. The motion is before the court on the briefs, without oral argument. Having

considered the memoranda of counsel, the arguments and the applicable law, it is ordered that the Motion to Amend/Alter Judgment and/or New Trial and/or Relief from Judgment is **GRANTED**.

## I. BACKGROUND

The petition alleges that on January 10, 2005, the STR AMERICAN QUEEN allided with the Perry Street Wharf in New Orleans, while it was being piloted by a pilot from Associated Pilots.  As a result, Boland Marine and Port of New Orleans filed this action against the STR AMERICAN QUEEN, AQS and Associated Pilots.  AQS then filed a cross-claim against Associated Pilots.  Associated Pilots did not file responsive pleadings and no party took any further action against Associated Pilots.  As a result, the case was placed on this Court's call docket for August 30, 2006.  No party appeared to show cause as to why Associated Pilots should not be dismissed from the case.  Accordingly, the Court dismissed Associated Pilots without prejudice.  Movants filed this motion in order to reinstate their claims against Associated Pilots.

## II. ANALYSIS

In its Order dated August 30, 2006, this Court dismissed Associated Pilots for Plaintiff's want of prosecution. Rec. Doc. 10.  A dismissal for want of prosecution is customarily deemed an involuntary dismissal under Federal Rule of Civil Procedure 41(b).  See, *Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Lavespere v. Niagara Michine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.

1990), *cert. denied*, 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Accordingly, Movants' instant motion may be considered as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from the judgment. A Rule 59(e) motion must be filed within 10 days of entry of judgement. This motion was timely filed. Therefore, the Court could consider this motion a Rule 59 motion to alter or amend the judgment. However, the Court believes that this motion is more appropriately a motion for relief from judgment or order under Rule 60.

Rule 60(b) provides in pertinent part that "the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. PRO. 60(b).

AQS's counsel claims his failure to appear in response to the call docket notice was inadvertent. He says that he did not realize that as a cross-claimant he was in effect a plaintiff with respect to Associated Pilots and should have appeared to ensure that his client's claims against Associated Pilots were not dismissed. All of the Movants also state that they were reluctant to take a default judgment against Associated Pilots' attorney out of professional courtesy. Furthermore, Movants have offered their apologies to the Court for their mistakes.

The Court is convinced that Movants' failure to respond to the call docket notice was simply an oversight, inadvertence or mistake.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Movants' Motion to Amend/Alter Judgment and/or New Trial

and/or Relief from Judgment is **GRANTED.**

IT IS FURTHER ORDERED that all of Movants' claims against Associated Pilots are hereby reinstated.

New Orleans, Louisiana, this 16th day of October, 2006

						_____
						HELEN G. BERRIGAN
						UNITED STATES DISTRICT JUDGE